NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARNELL BROWN,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON COUNTY CORRECTIONAL FACILITY, et al.,<br><br>Defendants. | No. 22-cv-6240<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

*Pro se* plaintiff Darnell Brown ("Plaintiff"), a pretrial detainee at the Hudson County Correctional Facility ("HCCF"), seeks to commence a lawsuit pursuant to 42 U.S.C. § 1983 stemming from his alleged exposure to COVID-19 at HCCF. ECF No. 2.[1] Plaintiff also moves to proceed *in forma pauperis* ("IFP"). ECF No. 1-1. For the reasons stated below, the Court grants Plaintiff's motion to proceed IFP and dismisses his complaint without prejudice.

**I.     FACTUAL ALLEGATIONS**

Plaintiff alleges that he was "brought into [HCCF's] custody" on July 5, 2022. ECF No. 2-1 at 2. He states that shortly after his arrival, he was transferred to a unit "where numerous people were infected with . . . COVID-19." *Id.* He claims that inmates, "staff[,] civilian [personnel,] officers[, and] nurses were testing positive at a[n] alarming rate." *Id.*

---

[1] Three months after filing an initial complaint, ECF No. 1, Plaintiff submitted an amended complaint, ECF No. 2. Plaintiff's initial complaint named "Acting Warden Oscar Aviles" and HCCF as defendants. ECF No. 1 at 1, 4. Plaintiff then submitted an amended complaint because he states that he "put the wrong name[:] Correctional Hudson Co. Facility," which "should've been . . . Nurse Wint." ECF No. 2-1 at 1. As such, Plaintiff appears to have filed an amended complaint to drop HCCF and add Nurse Wint. *See* ECF No. 2 at 1.

Plaintiff asserts that he started to feel sick in mid-July 2022. *Id*. He alleges that around this time, he "started feeling flu[-]like symptoms that quickly escalated to [him] feeling the wors[t] [he'd] ever felt in [his] whole life." *Id.*; *see also id.* ("My bones[,] my head[, and] my joints hurt so bad that all I had to do was pray . . . ."). Plaintiff states that he started to have trouble breathing "normal[ly]" as his symptoms got worse. *Id*.

During this time, Plaintiff alleges that he "complained to Nurse Wint," who "continuously pushed [him] off with Tylenol" and general advice like "just lay down" and "this to[o] will pass." *Id*. Plaintiff alleges that after lodging additional complaints with Nurse Wint, he asked to speak to Sergeant Castro, who he ultimately spoke to several times. *Id.* at 3. During these conversations, Plaintiff contends that he asked the segreant "why the director allows inmates to suffer [by] catching[,] contracting[, and] spreading" COVID-19 and "why doesn't he make different policy[]." *Id.* According to Plaintiff, Sergeant Castro told him that "the Director is fully capable of running his jail," to which Plaintiff asked, "why is no one helping us." *Id.*

Plaintiff brings this action because he states "[s]omebody needs to hold this [county] jail to a higher standard of care [and] treatment." ECF No. 2 at 6. He brings claims under 42 U.S.C. § 1983 and seeks damages. *Id.* (making a monetary demand of $50,000).

## II.     PLAINTIFF'S IFP APPLICATION

The Prison Litigation Reform Act ("PLRA") establishes requirements for prisoners who are attempting to bring a civil action IFP. Specifically, a prisoner seeking to file a civil action IFP must submit an affidavit, including a statement of all assets, stating that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *Id.* § 1915(a)(2). Here, Plaintiff—a pre-trial detainee at the time of filing—has

complied with the PLRA's requirements and demonstrated indigence. ECF No. 1-1; ECF No. 2 at 2; *Rodriguez v. Atl. Cnty. Just. Facility*, No. 21-19710, 2021 WL 5905711, at *1 n.1 (D.N.J. Dec. 14, 2021) ("Pretrial detainees are [considered] 'prisoners' for purposes of the PLRA." (alteration in original) (quoting *Williams v. Del. Cnty. Bd. of Prison Inspectors*, 844 F. App'x 469, 474 n.8 (3d Cir. 2021))); *see also Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002) (holding that the PLRA applies to a litigant who files suit while in prison, even if he is subsequently released). Accordingly, Plaintiff's IFP application is granted.

### III.   THE IFP SCREENING STANDARD

The PLRA requires district courts to review complaints in civil actions filed by prisoners and to dismiss any case that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a), 1915A(b), 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, the Court will dismiss a complaint if it lacks "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements" of a claim for relief. *Seana*, 506 F. App'x at 123 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)); *see Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)). Given Plaintiff's

*pro se* status, the Court construes his allegations liberally. *Higgs v. Att'y Gen. of U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

## IV. APPLICABLE LAW

Plaintiff invokes 42 U.S.C. § 1983, which "creates a cause of action to redress constitutional wrongs [or federal statutory violations] committed by state officials." *Russo v. Perez*, No. 25-1420, 2025 WL 2496168, at *3 (M.D. Pa. Aug. 29, 2025); *see* ECF No. 2 at 2. To state a claim under § 1983, a litigant must allege (1) a violation of a right secured by the Constitution or laws of the United States and (2) that the alleged violation was committed or caused by a person acting under color of state law. *See Harris v. Anderson*, 672 F. App'x 148, 150 (3d Cir. 2017); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580–81 (3d Cir. 2003).

Here, Plaintiff complains of the conditions he allegedly faced at HCCF, including the lack of adequate medical care in response to complaints about his escalating symptoms. *See, e.g.*, ECF No. 2-1 at 2. He seeks to hold both Warden Aviles and Nurse Wint liable for these alleged violations. ECF No. 2 at 1; ECF No. 2-1 at 1.

Construed liberally, Plaintiff's amended complaint appears to assert two constitutional violations, one based on the conditions of his confinement and another for deliberate indifference to his medical needs. As a pre-trial detainee at the time of his confinement at HCCF, ECF No. 2 at 2, these claims arise out of his Fourteenth Amendment Due Process rights, *see Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 325–26, 329 (3d Cir. 2020); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1 (3d Cir. 2017) ("Case law makes clear that pre-trial detainees are protected by the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment.").

To succeed on a Due Process conditions of confinement claim, plaintiff must plead either that (1) "detention facility officials" had an "express intent to punish" or (2) the conditions he

faced were not reasonably related to a legitimate governmental objective (*i.e.*, they were "arbitrary or purposeless"). *Stevenson v. Carroll*, 495 F.3d 62, 67–68 (3d Cir. 2007) (citation omitted); *see Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979) ("Absent a showing of an expressed intent to punish on the part of detention facility officials, . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to [a Due Process violation]."); *Hope*, 972 F.3d at 326. In determining whether conditions were reasonably related to a legitimate government objective, the Court "consider[s] the totality of the circumstances of confinement, including any genuine privations or hardship over an extended period of time, and whether conditions are (1) rationally related to their legitimate purpose or (2) excessive in relation to that purpose." *Hope*, 972 F.3d at 326; *see, e.g.*, *King v. Scott*, No. 24-2380, 2025 WL 289202, at *5–6 (D.N.J. Jan. 24, 2025); *Shepard v. John & Jane Does Union Cnty. Freeholders*, No. 24-5823, 2025 WL 211635, at *5 (D.N.J. Jan. 16, 2025).

To succeed on a Due Process deliberate indifference to medical needs claim, a plaintiff must plead that (1) he had a "serious medical need" and (2) defendants' acts or omissions exhibited a "deliberate indifference to that need." *Natale*, 318 F.3d at 582; *see Hope*, 972 F.3d at 329 ("To establish deliberate indifference, Petitioners must show the Government knew of *and disregarded* an excessive risk to their health and safety."); *see, e.g.*, *Gorrio v. Shorter*, No. 23-4807, 2024 WL 2188910, at *6 (E.D. Pa. May 15, 2024); *Graham v. Aviles*, No. 22-5760, 2022 WL 16949131, at *2 (D.N.J. Nov. 14, 2022); *Jones v. Warden Charles Ellis*, No. 21-13625, 2021 WL 5015921, at *3 (D.N.J. Oct. 28, 2021). "A plaintiff properly alleges deliberate indifference 'where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Chapolini v.*

5

*City of Phila.*, No. 22-284, 2022 WL 815444, at *7 (E.D. Pa. Mar. 17, 2022) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

## V.     ANALYSIS

Plaintiff has failed to state a plausible claim for relief.  On his conditions of confinement claim, Plaintiff does not allege that anyone at HCCF acted with an express intent to punish him by maintaining the facility's existing policies.  *See Chapolini*, 2022 WL 815444, at *14–15; *Greene v. Ellis*, No. 21-14101, 2022 WL 4288279, at *2 (D.N.J. Sept. 16, 2022).  Instead, he bases his conditions of confinement claim on (1) his transfer to a unit of HCCF where the virus was spreading rapidly and (2) HCCF's failure to alter its policies in response to Plaintiff's entreaties.  *See* ECF No. 2 at 2–3.  In essence, Plaintiff alleges that HCCF maintained deficient COVID-19 policies.  *Id.*  However, he does not specify what those policies were or why they were deficient.  As such, he "has not alleged that . . . . the conditions [he faced] were excessive in relation to their legitimate purpose of managing the spread of the virus," *Chapolini*, 2022 WL 815444, at *15, while also balancing the need to "ensure [Plaintiff's] appearance at [future criminal proceedings]," *Hope*, 972 F.3d at 326; *see, e.g.*, *King*, 2025 WL 289202, at *6 (holding that plaintiff who contracted COVID-19 in Hudson County Jail failed to state a Due Process claim where plaintiff did "not identify the policies that were in place at the Hudson County Jail and how they fell short"); *Vega v. Aviles*, No. 23-651, 2023 WL 2263715, at *4 (D.N.J. Feb. 28, 2023) (dismissing conditions of confinement claim because "[t]he manner in which the prison protocols supposedly fell short [was] not specified."); *Jones v. Warden Charles Ellis*, No. 21-13625, 2021 WL 5015921, at *2 (D.N.J. Oct. 28, 2021) (dismissing claims concerning conditions of confinement because plaintiff did not "provide[] sufficient facts about the type(s) and extent of the hardships and deprivations he faced at MCCC leading up to his infection with COVID-19 and/or during his illness").

6

As for his deliberate indifference to medical needs claim, Plaintiff has not alleged that Warden Aviles "was personally involved in any alleged deliberate indifference." *Graham*, 2022 WL 16949131, at *3; *see Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). Moreover, Plaintiff has not alleged that Nurse Wint exhibited a "deliberate indifference to" his medical needs. *Natale*, 318 F.3d at 582. Indeed, Plaintiff states that Nurse Wint gave him medication. ECF No. 2-1 at 2 (alleging that Nurse Wint provided him with Tylenol). As such, Plaintiff appears to present a disagreement "with the selected course of treatment," which is "not grounds for a medical deliberate indifference claim." *Sutton v. Noel*, No. 19-2080, 2022 WL 2806616, at *17 (M.D. Pa. July 18, 2022); *Khurram S. v. Warden, Bergen Cnty. Jail*, No. 20-14807, 2021 WL 1712299, at *5 (D.N.J. Apr. 30, 2021) ("[I]f the 'Government has taken concrete steps towards ameliorating the medical effects of COVID-19[,]' a detainee cannot establish deliberate indifference to his medical needs." (quoting *Daniel W. A. v. Decker*, No. 20-8494, 2020 WL 6336182, at *3 (D.N.J. Oct. 29, 2020))); *Kektyshev v. Doll*, No. 20-1744, 2020 WL 7483946, at *9 (M.D. Pa. Dec. 1, 2020) (finding that prison officials did not act with deliberate indifference where litigant stated that "he received medication when he contracted COVID-19"), *report and recommendation adopted*, No. 20-1744, 2020 WL 7482192 (M.D. Pa. Dec. 18, 2020). Moreover, "[i]t is unclear what treatment Plaintiff believes was warranted that was not provided." *Fitch v. Kuhn*, No. 22-5884, 2024 WL 2135637, at *4 (D.N.J. May 13, 2024), *aff'd*, No. 24-2143, 2024 WL 4589231 (3d Cir. Oct. 28, 2024).

For the reasons above, Plaintiff has failed to state a plausible claim for relief. However, because this is an initial screening, the Court cannot state that amendment would be futile. Accordingly, the Court will dismiss the amended complaint without prejudice. Plaintiff may file a proposed amended complaint within 30 days. *See Grayson v. Mayview State Hosp.*, 293 F.3d

103, 108–10 (3d Cir. 2002) (leave to amend claims dismissed on screening should generally be granted unless amendment would be inequitable or futile).

VI.     **CONCLUSION**

Accordingly, for the reasons stated above, **IT IS** on this 31st day of October 2025;

**ORDERED** that the amended complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff may file a proposed second amended complaint within 30 days of the date this Opinion and Order is entered. The proposed second amended complaint "shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15(a)(2); and it is further

**ORDERED** that if Plaintiff does not timely file a proposed second amended complaint, this matter shall be dismissed with prejudice; and it is further

**ORDERED** that the Office of the Clerk of the Court shall recaption the case as "DARNELL BROWN v. OSCAR AVILES and NURSE WINT"; and it is further

**ORDERED** that the Office of the Clerk of the Court shall serve a copy of this Order and Opinion upon Plaintiff, together with a blank copy of the Civil Rights Complaint form, by regular U.S. mail; and it is finally

**ORDERED** that the Office of the Clerk of the Court shall **CLOSE** this file.

**SO ORDERED.**

                                                */s/ Claire C. Cecchi*
                                             **CLAIRE C. CECCHI, U.S.D.J.**